******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZARELLA, J., concurring. I agree with the result that the majority reaches. I write separately simply to reiterate that I would interpret General Statutes § 31-51q as being "inapplicable to any speech made by a private sector employee in a private workplace, contrary to the reasoning in *Cotto* v. *United Technologies Corp.*, 251 Conn. 1, 738 A.2d 623 (1999)." (Footnote omitted.) *Schumann* v. *Dianon Systems, Inc.*, 304 Conn. 585, 627–28, 43 A.3d 111 (2012) (*Zarella, J.*, concurring). I recognize that this claim has not been raised by the parties in the present case, and, therefore, it would be inappropriate to decide the case on that basis. Nevertheless, "when presented with the appropriate case, I would overrule *Cotto* and instead follow Justice Borden's concurrence and dissent in *Cotto*. [See *Cotto* v. *United Technologies Corp.*, supra, 21 (*Borden, J.*, concurring and dissenting).] A proper reading of § 31-51q extends protections to private sector employees only from discipline or discharge [resulting from] the exercise of their constitutionally guaranteed free speech rights outside of the workplace. It does not protect a private sector employee's speech in the private workplace, regardless of whether that speech [is] a matter of public concern or made pursuant to his or her job duties." *Schumann* v. *Dianon Systems, Inc.*, supra, 638 (*Zarella, J.*, concurring). Accordingly, I respectfully concur.